UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18CR00122 RLW |
| | ) |
| WILLIAM DAVIDSON, | ) |
| | ) |
| Defendant. | ) |

**SENTENCING MEMORANDUM**

Comes now the United States of America, by Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Tracy Lynn Berry, Assistant United States Attorney for said District, and herein requests that this Honorable Court impose a sentence at the high end of applicable guideline range of 15 to 21 months.

The government submits that a sentence at the high end of the guideline range would be appropriate in light of the § 3553(a) factors.  Such a sentence would take into account the nature and circumstances of the offense, the history and characteristics of the defendant, the need to reflect the seriousness of the offense, and afford adequate deterrence to criminal conduct by the defendant.  See, 18 U.S.C. § 3553(a).

At the outset, the government notes that defendant engaged in the criminal activity 12 days after being released to a five year term of supervised release.  This followed the service of a ten year sentence for conspiracy to defraud, bank fraud, tax evasion, and money laundering. Defendant's criminal history also includes a 24 month consecutive sentence imposed by the Honorable Catherine D. Perry upon conviction for the crime of perjury.  He committed that

offense nine days after sentencing by District Judge Jackson in order to conceal more than $480,000.00 from the court.   The repetitive nature of defendant's fraudulent conduct supports the imposition of a sentence at the high end of the guideline range.

The government also asks this Honorable Court to consider that in obtaining employment with JC Penneys, he concealed the fraud perpetrated against his former employer, the Congregation of the Mission – Midwest Province, by claiming that his conviction was for tax evasion.

Defendant is entitled clearly to the two level reduction for acceptance of responsibility. However, in requesting a sentence at the low end of the guideline range, he overstates the circumstances of his acceptance.   The most notable is the fact that defendant admitted to his criminal activity after being confronted with videotaped evidence of his fraudulent conduct. Even after making the admission, defendant contended that his former manager suggested the fraudulent scheme as a means of providing defendant money that defendant believed were due to him from the business.   These factors reveal an attempt by defendant to minimize his criminal activity.

Defendant's statements regarding the imposition of the enhancement pursuant to S 2B1.1(b)(11) are also intended to minimize his criminal activity.   He is correct that the federal government would have lacked jurisdiction over the fraudulent conduct had defendant embezzled cash from his register.   However, that is not the fraudulent conduct defendant engaged in.   The government submits that defendant utilized the access devices as well as the account number of a co-worker because that type of fraud would have been harder to detect than if he had pocketed money from the register in front of the business' surveillance cameras.   As it

2

is, the company's fraud investigators had to review records of the transactions returns, the videotaped surveillance, and trace the use of the fraudulently obtained gift cards in order to determine that he had committed the fraudulent conduct.  Because of the nature of defendant's fraudulent conduct, he was able to continue his scheme in front of the surveillance cameras for more than four months.

For the aforementioned reasons, the government submits that a sentence at the high end of the guideline range is sufficient, but not greater than necessary, to provide just punishment for the offense and afford adequate deterrence for additional criminal activity.

        Respectfully submitted,

        JEFFREY B. JENSEN
        United States Attorney

        s/ Tracy Lynn Berry
        TRACY LYNN BERRY #014753 TN
        Assistant United States Attorney
        111 South 10th Street, Room 20.333
        St. Louis, Missouri 63102
        (314) 539-2200

## CERTIFICATE OF SERVICE

Copy of the foregoing was served electronically through the electronic case filing system this 6th day of November, 2018, to: Adam Fein, Esq.

        s/ Tracy Lynn Berry
        ASSISTANT UNITED STATES ATTORNEY